## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| GREGORY S. KOHLER | : |
|       DEBTOR | : BANKRUPTCY NO.  03-32355  SR |
| | |
| GREGORY S. KOHLER | : |
|       PLAINTIFF | : |
|     V. | : |
| | : |
| ASTORIA FEDERAL SAVINGS | : |
| AND DOVENMUEHLE MORTGAGE, INC. | : |
|       DEFENDANTS | : ADVS. NO. 08-146 |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

## Introduction

Before the Court is the Plaintiff Debtor's Motion for Partial Summary Judgment. An Answer in opposition has been filed by the Defendant, Astoria Federal Savings and Loan Association ("Astoria"), and a hearing was held on April 2, 2009. For the reasons which follow the Motion will be denied.

## Background

The Debtor owns a residence located at 1405 Walnut Street, Norristown, PA 19401. It is encumbered by a first mortgage in favor of Astoria. A pre-petition judgment in mortgage foreclosure has been obtained by Astoria and this Chapter 13 case was ostensibly commenced to stay a foreclosure sale.

The Debtor's amended Chapter 13 plan was confirmed on May 14, 2004. As to

Astoria, it provided for the cure of accumulated pre-petition arrears over the life of the

Debtor's Chapter 13 plan and the maintenance of regular post-petition monthly

payments.  The arrears were to be paid to and disbursed by the Chapter 13 Trustee,

while the regular post-petition monthly payments were to be remitted by the Debtor

directly to Astoria.

The Debtor asserts that in November 2007, he "made a payment which was

sufficient to liquidate his financial obligations under the Plan." (Motion at ¶ 4) The

Trustee filed a final report in the case on March 18, 2008 and recommended the entry

of a discharge.  A Discharge Order was entered on April 30, 2008.

Astoria contends that the Debtor did not make all regular post-petition monthly

mortgage payments prior to his discharge.  Specifically, Astoria contends that the

Debtor failed to remit a monthly payment for the months of November 2007 through

April, 2008.  Consistent with that position Astoria has apparently taken steps to

commence another state court foreclosure action.

Through this litigation the Debtor seeks to prevent that. More specifically, via

this Motion the Debtor asks the Court to enter an Order declaring that the only

payments now due Astoria are its regular post-discharge payments, and directing

Astoria to satisfy the judgement obtained in the original state court foreclosure action.

Astoria, for its part, objects to this.  Astoria agrees that the Debtor's pre-petition

arrearage has been cured, but it maintains that it is entitled to be paid any post-

confirmation–pre-discharge payments which have not been made.  The Courts finds

Astoria to have the better part of this dispute.

2

<u>Discussion.</u>

At the outset the Court registers its disappointment at the order in which this dispute has unfolded.  At oral argument the Court addressed the question of whether, as a matter of fact, the five monthly payments in question were or were not made. Counsel for the Debtor insists that in discovery he has supplied Astoria with copies of receipts showing that every monthly payment in question was paid.  (N.T. 4/2/09 at 5) Counsel for Astoria has responded to this by noting that the client affidavit attached to his response is the only evidence in the record concerning the payments in question, and it recites that they weren't made.  (N.T. 4/2/09 at 9-10)

Both parties appear to agree that if the threshold issue of the disputed payments were to be resolved in the Debtor's favor the issue to be discussed herein would be rendered moot.  As a consequence, the Court is, as noted, dismayed that greater effort to obtain an answer to this seemingly straightforward question was not undertaken.

That said, the Court turns to the issue which is in fact joined herein: namely, the Debtor's contention that, irrespective of whether the payments in question were made or not, the terms of his confirmed Chapter 13 plan dictate that they must be deemed to have been paid and Astoria barred from asserting to the contrary.

## Summary

The Debtor bases his contention on the language found in paragraphs 3, 6, and 9 of his confirmed Chapter 13 Plan.  These paragraphs recite as follows:

> 3.    In the course of this case the Debtor will both resume making his regular mortgage payments directly, and, through his trustee payments, will cure the entire

3

mortgage arrears owed to his mortgagee, Astoria
Federal Savings & Loan Association ("Astoria"),
agreed to be $18,530.71.  At the conclusion of the
Plan, it will be deemed that all arrears are in fact
cured and the Debtor will continue thereafter making
only his regular mortgage payments.

6.    Title of all property of the estate shall revest in the
Debtor upon confirmation of a Plan, and the Debtor
shall have the sole right to the use and possession of
same.  When the plan is completed, all mortgage
arrears and additional charges owing to Astoria pre-
petition and post-petition shall be deemed completely
cured.

9.    Upon completion of this or any other duly confirmed
plan, as amended, all debts listed in the Debtor's
Schedules or provided for by this Plan which are
dischargeable shall be discharged.  The Class Two
claim arrears shall be deemed fully cured and no
further sum in addition to the regular mortgage
payments shall be due to Astoria after discharge.

The Debtor's factual premise is that the language of the above paragraphs

means that when the Order of Discharge was entered the Debtor was deemed to have

cured all arrears _and_ to have made all regular post -petition monthly payments –

irrespective of whether he in fact made all required post-petition monthly mortgage

payments or not.  The Debtor's corollary legal premise is predicated on the Third Circuit

Court of Appeals decision in _In re Szostek_, 886 F.2d 1405 (3d Cir. 1989) which, he

argues, stands for the proposition that the terms of a confirmed plan are binding on all

creditors treated under the plan, absent fraud, even if the plan contains terms which

might have been found objectionable had an affected creditor interposed a pre-

confirmation objection.  The Debtor, of note, emphasizes his belief that the language of

4

his confirmed plan is not in any way objectionable or contrary to law.  But in either

event it doesn't matter, says the Debtor, because the plan was confirmed.

The Court need not reach the question of whether *Szostek* dictates the outcome

in this case, because as a threshold matter the Court finds the Debtor's interpretation

of the language in his confirmed plan unsustainable.  The Debtor's argument herein

paraphrases his confirmed plan.  The plan does not state that the entry of a discharge

order will operate as an *ipso facto* determination that all post-petition monthly

payments had been remitted.  The essence of the plan is found in the first sentence of

paragraph 3 which reads:

> In the course of this case the Debtor will both resume
> making his regular mortgage payments directly, and,
> through his trustee payments, will cure the entire mortgage
> arrears owed to his mortgagee.

The Debtor's plan as to Astoria has at all times been two pronged.  It called for

the Debtor to both cure pre-petition arrears <u>and</u> make regular post petition monthly

payments.  The remaining operative portions of paragraphs 3, 6 and 9 describe what

follows if, as and when the Debtor completes that plan.  Paragraph 3, for instance

recites " at the conclusion of the plan . . . ," paragraph 6 recites "when the Plan is

completed . . ., and Paragraph 9 recites "upon completion of this or any other duly

confirmed plan . . .".  "Completion" of the plan necessitated the Debtor fulfilling both

his obligations otherwise the plan wasn't completed.  The Debtor's effort to find in his

confirmed plan language which excuses him from making demonstrated post-

confirmation/pre-discharge monthly mortgage payments once a discharge order has

been entered is a strained, not to mention unfair, reading of the text.  The Debtor

essentially seems to be looking for a windfall.  Simply put, the Court rejects this

argument.

Before concluding, the Court notes briefly that both parties have argued the

relevancy of *In re Venuto,* 343 B.R. 120 (Bankr. E.D. Pa. 2006).  The facts in *Venuto*

are strikingly similar, albeit not on all fours, but that Court's reasoning for present

purposes is clearly applicable.  *Venuto* likewise involved a Chapter 13 Debtor who

received a discharge and whose mortgagee subsequently pursued collection of certain

post-petition /pre-discharge monthly payments. The *Venuto* Court rejected the very

contention made herein; to wit: that the entry of a discharge order in a case which

called 1) for arrears to be paid to and disbursed by the Chapter 13 Trustee, and 2) for

regular post-petition payments to be paid by the Debtor directly to the lender,

amounted to a binding determination that all direct payments required of the Debtor

had been made.

The Debtor argues that *Venuto* is relevant insofar as confirmation of this Court's

jurisdiction to decide this issue, but no further.  The Debtor distinguishes *Venuto* on

two grounds: first, because the Debtor in *Venuto* conceded that he was two post-

petition payments delinquent, whereas here the Debtor insists he is current; and

second, because the confirmed plan in *Venuto* was vaguer than his insofar as the

implications of the entry of a Discharge Order.  The Court does not view either of these

distinctions as  probative.  It is of no consequence whatever that the Debtor here

contends he is current on a post-confirmation/pre-discharge basis, inasmuch as Astoria

6

strenuously contends that he is not.  Furthermore, the confirmed plan in *Venuto*, was

not "vague" on the question at bar.  It was, in fact, completely silent on the point.  It is

true that the present Debtor's confirmed plan is wordier, but what matters most is that

when all is said and done the plan simply does not say what the Debtor maintains.

In sum, the Court agrees that *Venuto* is relevant, however it favors Astoria.  The

Court, as noted, also finds the *Venuto* court's reasoning cogent and adopts it herein.

## Summary

There is a genuine issue of material fact in dispute between the parties and the

debtor has failed to demonstrate that he is entitled to judgment as a matter of law.  As

a consequence, the requirements of F.R.C.P. 56(c) have not been satisfied and the

Motion for Partial Summary Judgment must be denied.

An appropriate Order follows:

By the Court:

_____

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: April 22, 2009

7

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| GREGORY S. KOHLER | : |
|         **DEBTOR** | : BANKRUPTCY NO. 03-32355 SR |
| | |
| GREGORY S. KOHLER | : |
|         **PLAINTIFF** | : |
|     V. | : |
| | : |
| ASTORIA FEDERAL SAVINGS | : |
| AND DOVENMUEHLE MORTGAGE, INC. | : |
|         **DEFENDANTS** | : ADVS. NO. 08-146 |

# ORDER

**AND NOW,** upon consideration of Plaintiff Debtor's Motion for Partial Summary Judgment, the Defendant's Answer in opposition thereto, and after hearing thereon April 2, 2009, it is hereby

**ORDERED** that for the reasons set forth in the Opinion herein, the Motion shall be and hereby is Denied.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: April 22, 2009

<u>Counsel for Plaintiff</u>
David A. Scholl, Esquire
The Regional Bankruptcy Center
Law Office of David A. Scholl
#6 St. Albans Ave
Newtown Square, PA 19073

<u>Counsel for Defendants</u>:
Jeffrey S. Saltz, Esquire
Law Office Of Jeffery s. Saltz, PC
1515 Market Street
Suite 1000
Philadelphia PA 19102

George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia PA 19106

Nancy Mulvehill, Courtroom Deputy to Judge Raslavich